IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | 8:20CR131 |
| vs. | | TRIAL BRIEF |
| JASON L. BATES, | | |
| Defendant. | | |

Comes now the United States, by and through the undersigned Assistant United States Attorney, and hereby provides this trial brief in anticipation of the jury trial of Jason L. Bates set for November 16, 2021.

## I.   Case Status

Defendant, Jason L. Bates is charged with one count of Attempting to Persuade, Induce, or Entice a Minor to Engage in Prostitution or Sexual Acts in violation of Title 18, United States Code, Section 2422(b).  Filing No. 1. On July 21, 2020, Bates appeared before Magistrate Judge Nelson and entered a plea of not guilty to the charges. Filing No. 8. Trial is scheduled for November 16, 2021. Filing No. 41.

## II.   Anticipated Facts

The evidence adduced by the United States will establish defendant's guilt to the crime charged. In March of 2020, FBI Task Force Officer ("TFO") Charles (Chad) Miller who is a Deputy with the Douglas County Sheriff's Office, placed advertisement for prostitution on skipthegames.com listing a contact number of 402-204-8019. The advertisement was titled "KITTY Loves to PURRRR" (emojis omitted). It depicted several photographs of a clothed female whose face was somewhat obscured by a filter depicting animal ears and a nose. The girl appeared to be standing in front of school lockers in one of the photographs. The page advertised the female

as a "perky girl" with a "petite, firm and clean" body. The advertisement indicated that she was available for certain sexual acts and listed prices for those services based on time.

On March 30, 2020, Jason L. Bates ("Bates") responded to the advertisement via text message using phone number 402 218-8951. The undercover officer ("UC" or "She") posed as a fifteen-year-old female when responding to Bates' messages. The UC repeatedly alluded to her age in numerous ways: She indicated She could only meet with Bates on days on which her mom was at work; that She was not old enough to drive and would have to meet Bates somewhere within walking distance; that She had schoolwork and would walk to Millard North High School where she attended school. She also explicitly told Bates that She was fifteen years old on more than one occasion during their text conversation. Despite being told her age of fifteen, Bates continued to pursue a meeting with the UC. At one point, Bates appeared to doubt his actions and instead of telling the UC what he expected from her, he indicated he did not want to incriminate himself and told the UC he would get back to her when he was "more sure." The UC wished Bates good luck indicating that there were plenty of other girls out there.

Approximately 26 hours after this interaction, Bates reinitiated contact with the UC requesting to meet with her. When the UC did not immediately reply, Bates continued to message the UC sending thirteen messages between April 3, 2020 and April 5, 2020—each without a response from the UC. On April 6th, the UC responded to all of these messages telling Bates that her mom had grounded her from her phone over the weekend because She didn't get her schoolwork done. She also told Bates that her mom had gone into work for a while. Bates asked if She wanted to get together and that he really wanted to see her. Bates told her that the earlier they could meet the better telling her that they could hang out at his place, smoke, and have sex. They

agreed to meet at the Kum & Go gas station on 154 and Pacific Streets in Omaha, Nebraska. The UC requested that Bates pick up some Fireball whiskey shooters so she could relax. He agreed.

Bates was encountered outside the Kum & Go by law enforcement in his red jeep SUV. Bates had more than $200 in cash, two shooters of Fireball, and prescription pills for Sildenafil— a substance prescribed to treat erectile dysfunction. Bates waived his *Miranda* rights and agreed to be interviewed by TFO Miller. Bates admitted that he was at the Kum & Go for "prostitution." He admitted that the phone in his vehicle was his phone and that it was the phone he used to text the girl he was going to meet. He said the plan was to take the girl back to his house to "mess around." When TFO Miller asked how old the girl was, Bates indicated that her profile said she was 19. He claimed that he did not believe she was fifteen years old and that if he had found out she really was, he would not have engaged in sex acts with her but instead would have been a "father figure" to her. When he was asked why he continued to pursue a girl who said she was fifteen instead of contacting and meeting another woman who was of age, Bates responded that he has given up on most other advertisements which have been scams. He further indicated he was pursuing her because she had responded to his text, while others had not.

Bates' phone and the items found in his vehicle were seized. The Government will present these items as physical evidence as well as present reports created from the extraction of Bates' phone. The extraction of Bates phone reveals evidence of text messages and web history showing Bates seeking other escorts in the same time frame as alleged in the Indictment both through a review of his text messages and web history. Surveillance cameras at a Kum & Go located at 189 and Pacific show Bates purchasing the Fireball shooters shortly before he arrived at the Kum & Go located at 154 and Pacific Street.

### III.   **Statute and Elements of Charged Conduct**

Pursuant to Title 18, United States Code, Section 2422(b), it is a criminal act for a person who, using a cellphone or other form of interstate communication, "knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so." 18 U.S.C. § 2422(b).

The United States will submit proposed jury instructions to the Court. To prove the crime of sexual enticement of a minor the Government must prove three elements. One, that beginning on or about March 30, 2020, and continuing until on or about April 6, 2020, the defendant knowingly used a means or facility of interstate commerce to attempt to persuade, induce, or entice an individual under the age of eighteen years to engage in sexual activity. Two, the defendant believed such individual was under the age of eighteen years. Finally, that if the sexual activity had occurred, the defendant could have been charged with a criminal offense under the laws of the state in which the act occurred.

### IV.   **Witnesses**

The United States will provide the Court and the Defendant with a list of witnesses for this trial. Various law enforcement witnesses will be called. There will be testimony regarding the extraction of the Defendant's cellular telephone. Regarding witness Deputy Charles Miller, the United States intends to call Deputy Miller twice during the course of the Government's case-in-chief, first to lay the foundation of the operation and the charges for the jury, and again near the end of the Government's case in chief to discuss the findings of the cellphone extraction and how it tied into the crime charged.

The government does believe that there may be stipulations between the parties related to various types of evidence. This would include the potential stipulations relating to the video taken as part of the Kum & Go surveillance and chain of custody of the physical exhibits. Physical evidence, including the Fireball shooters, $200 in United States currency, and prescription pills will be offered into evidence.

## V.    Electronic Evidence

The United States will offer electronic evidence obtained from the Defendant's seized cellular phone and video evidence of the Defendant at the Kum & Go located at 189 and Pacific Street, as well as the interview of Bates.

## VI.    Evidentiary Issues

### a.  Rule 404(b) Notice

The United States intends to introduce evidence that Bates used the internet and text messages to solicit and entice escorts both in the months before and contemporaneous with the crime charged. This evidence will be introduced using portions of the Cellebrite extraction of Mr. Bates' phone and witness testimony. The Government does not believe that this evidence would be legally considered Rule 404(b) evidence because it is part of the criminal act in this case showing Bates' intention and his attempts to persuade, entice, and induce the UC in the crime charged. This evidence is also placed directly at issue based on the statements Bates made to TFO Miller during the *Mirandized* interview—especially as Bates told TFO Miller he was pursuing the UC because he had given up on other advertisements for being scams. Nonetheless, out of an abundance of caution, the Government provided counsel for the Defendant notice pursuant to Federal Rule of Evidence 404(b)(3). If considered Rule 404(b) evidence, the described evidence is relevant evidence of Defendant's motive, intent, common plan, knowledge, identity, absence of

mistake, and lack of accident in connection with the crime charged within the Indictment. Thus, it should be admitted.

### b. Criminal Penalties

Should the defendant attempt to elicit testimony as to the seriousness of the crime, criminal penalties, or collateral consequences, the Government would object as evidence of collateral consequences if convicted or possible criminal penalties of conviction to attempt to garner sympathy from the jury is improper.

Fed. R. Evid. 401 provides that "evidence is relevant if: (a) it has any tendency to make a fact more or less probable that it would be without the evidence; and (b) the fact is of consequence in determining the action." *Id.* The United States believes that the jurors will likely be instructed that:

> It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.
>
> **Do not allow sympathy or prejudice to influence you**. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

Model Crim. Jury Instr. 8th Cir. 3.02 (2018) (emphasis added).

### c. Motion *in Limine*

The government has filed a motion in limine regarding the defense of entrapment. The United States avers that should the Defendant request it, an entrapment defense is not warranted in this case. As indicated by the facts above, Bates vigorously pursued the girl of his own volition. There was no entrapment. Bates should be precluded from making any statements or argument indicating entrapment unless and until the record contains sufficient evidence warranting an

entrapment jury instruction. *See United States v. Tobar*, 985 F.3d 591 (8th Cir. 2021); *United States v. Strubberg*, 929 F.3d 969 (8th Cir. 2019).

### VII.    Unresolved Issues

The government believes there are no unresolved issues at this point to be litigated by the Court, other than the motion *in limine*. The government believes that defense counsel and the government can agree to various stipulations which will shorten the time of trial.

DATED this 9th day of November, 2021.

UNITED STATES OF AMERICA, Plaintiff

Jan W. Sharp
Acting United States Attorney
District of Nebraska

By:    s/  Tessie L. Smith
TESSIE L. SMITH, #25828
Assistant U.S. Attorney
100 Centennial Mall North
487 Federal Building
Lincoln, NE  68508-3865
Tel:  (402) 437-5241
Fax:  (402) 437-5390

CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all registered participants.

s/ Tessie Smith
Assistant U.S. Attorney